PER CURIAM.
We affirm without discussion all points raised on appeal in this dissolution of marriage ease. We find it necessary, however, to reverse and remand for clarification as to one aspect of the supplemental final judgment to which our attention is directed by the former wife’s cross-appeal.
In the Supplemental Final Judgment Of Dissolution of Marriage, the trial court or *518 dered the former husband to provide life insurance in the amount of $100,000 as security for payment of child support ordered by the court. In response to the former wife’s motion for rehearing or clarification, the trial court entered an order amending the supplemental final judgment to provide that the life insurance was to be maintained as security for “child support and spousal support.” [1] However, in the same paragraph the court designated only the minor child, Elizabeth Hagen Brahmer, as beneficiary of the policy or policies to be provided by the former husband. We find no plausible basis in the record, nor in the briefs and arguments, for the trial court’s designation of the minor child as sole beneficiary when the supplemental final judgment expressly states that the insurance is to provide security for payment of both child support and spousal support.[2]
Accordingly, the provision with respect to the designation of beneficiary of the life insurance is reversed and remanded for correction or clarification; and in all other respects, the supplemental final judgment is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for correction or clarification.
SMITH, WIGGINTON and WEBSTER, JJ., concur.

. The award of insurance protection for child support and spousal support is not challenged on appeal.

. We note that this discrepancy was not brought to the trial court’s attention prior to this appeal.